Billy C. Wilkins #817648
1050·W, Commerce
Brownwood, Tex, 76801

39,583-38
May 25, 2015

In Re: 35th District Court
Cause No. 13,872

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 28 2015
Abel Acosta, Clerk

Dear Clerk,
    Please find enclosed the original petition for a Writ of Certorari, I kindly ask that you file the matter with your Court then bring the matter to the attention of your court.
    Thank you for your time and help with this matter.
                            Respectfully yours,
                            Billy C, Wilkins

# IN THE COURT OF CRIMINAL APPEALS
## OF TEXAS

EX PARTE

CAUSE No.

BILLY CHARLES WILKINS

## PETITION FOR WRIT OF CERTORARI

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Billy Charles Wilkins, Petitioner, in the above entitled and numbered cause and moves the Court to hold a evidentary hearing to settle a dispute that pertains to a matter of law and petitioner will show unto the Court the following:

### FACTS ABOUT THE DISPUTE

Petitioner, on the 12th day of June, 1995, was traveling east on hwy. 67/84 passing through Bangs, Texas when he was stopped by Texas Ranger Bobby Grubbs and taken into custody. Within 48 hours after the arrest petitioner had no magistrate warning interview with no magistrate of the county, was never informed there were an accusation made against him or there were any affidavit filed. On the 11th day of July, 1995, the district attorney in an indictment charged petitioner committed burglary of a habitation claiming petitioner committed theft of a VCR, a digital satellite receiver and guns. No arraignment interview was held by the trial court. A pre-trial interview was held by the trial court in regards to a Motion for Discovery and Inspection filed by Scott Steele the defense attorney. Petitioner had not been provided any discovery material from Scott Steele. April 14th, 1996, a jury found petitioner guilty. April 15th, 1996 the jury sentence petitioner to ninty-nine years imprisonment.

Petitioner in August 2000 by request through Texas Public Information Act was given copies of the investigation reports of the incident. After reading it and finding no fact of petitioner having been involved in a burglary at Cross Cut Texas was curious about how the district attorney manage to charge

the theft in the indictment. Therefore petitioner commence to attempt locating a complaint, if any. After an extensive search, the Ruby Lee Smith manage to obtain a copy of a complaint of a Larry Dale Smith who had been arrested and charged with the burglary. Petitioner discovered that on August 25, 1995, the indictment had been dismissed in that case 13,873. By that complaint petitioner discovered a complaint had been filed in the Justice Court of Ronnie Lappe. Since that date petitioner has learn't the prosecuting attorney had no cause to reduce a complaint to writing Art. 2.04, V.A.C.C.P. and file it with a magistrate of the county, Art. 1.05, V.A.C.C.P. In this investigation report deputy sheriff Vance Hill said:

The complainant Samantha Gober went to her residence at 12:30 PM. This is unusual for anyone to be at the residence this time of day. When the complainant was driving up to the residence she saw the front door was open. As she got close to her house she saw a Dodge pickup, gray in color, parked in front of the house. She had never seen the vehicle before. She then saw a white male walking in front of the Dodge pickup with some long guns in his hands. The white male with blonde hair dropped the guns in front of the Dodge pickup. He then jumped into the driver's seat and drove away.

This information hardly identifies that the white male with blonde hair was petitioner, but certainly dosn't present any fact that the white male with blonde hair had came out of the residence. No fact that the long guns came from inside the residence.

Further in the report Vance Hill said:

The disturbed weapons, TV and house as well as the said footprint, were photographed by Deputy Neal. No identifiable prints were located.

Again no fact the white male with blonde hair had been inside the residence. Larry Dale Smith is white and has blonde hair. Everything about this report points to Larry Dale Smith.

Further in the report Vance stated:

The complainant pursued the suspect. The W/M appeared to be the only person in the pickup. The complainant pursued the suspect south on Hwy 279 to the Grosvenor area and down some county roads. The pursuit lasted several minutes and the suspect was lost in the southeastern portion of Coleman County. Still no positive identification about who the white male with blonde hair was that jumped into the pickup and drove away.

A short time later Texas Ranger Bobby Grubbs located the suspect vehicle near Bangs, Texas. The described suspect was driving the vehicle. By whom and how was the person driving the vehicle at that time was described to be the suspect. White male with blonde hair is not a positive identification. Samantha Gober never arrived at the arrest scene to positively identify petitioner to be the white male with blonde hair who drove off in the vehicle.

Further, in the investigation report Vance Hill said:

When Wilkins was arrested officers did locate an RCA VCR, and a digital satellite system receiver".

There are no fact of who the officer was that located the items or even where the items were located.

There's simply no facts in this investigation report that petitioner committed theft or burglary of a habitation for the prosecuting attorney to even make a complaint. Although, Assistant District Attorney Craig Willingham did so anyway. But even the complaint is defective. While the complaint may have the statutory requirements for procedural validity, it lacks the necessary indicia of reliability demonstrated by facts showing probable cause for the magistrate to have made a proper evaluation for the allegations before issuing the warrant. It is in the form of a charge, not a supporting affidavit. There being no probable cause set forth in the complaint, the arrest of petitioner was illegal.

The complaint tracked the statutory language stating:

BEFORE ME, the undersigned authority personally appeared:

Vance Hill,

Who, after being by me duly sworn on oath deposes and say: That he has good reason to believe and does believe that heretofore: to-wit, on or about the 12th day of June, 1995, and before the making and filing of this complaint, in the County of Brown and State of Texas,

Billy Charles Wilkins, hereinafter styled Defendant,

did then and there intentionally, without the effective consent of Samantha Gober, the owner thereof, enter a habitation, and did attempt to commit and commit theft of property, namely: a VCR, a satellite receiver, and guns without the effective consent of the owner of said property, namely: Samantha Gober;

Against the Peace and Dignity of the State.

There is no allegation about how the petitioner committed theft or how the affiant came to have such knowledge. See State V, Martin, 833 S.W. 2d 129, 131 (Tex. Crim. App. 1992).

A variance between the information and the complaint on which it is based as to the theft committed is fatal to the validity of the information.

The investigation report by Vance Hill states:

When Wilkins was arrested officers located a VCR, and a digital satellite system receiver." However no fact about where the items were located. But upon the complaint in Officer Hill's information Assistant District Attorney Craig Willingham amend the information by adding Located in the vehicle, was a VCR, and a digital satellite system receiver. A prosecuting attorney is not authorized to institute prosecutions in a county court upon his independent act or of his own volition. One may not be both the accuser and the prosecutor in felony cases. See Peterson V, State 781 S.W. 2d 933

934-35 ( Tex. Crim. App., 1989).

Because the prosecuting attorney's statutory pleading in the grand jury indictment tracked the statutory language from the complaint and the prosecuting attorney being the accuser for the pleading upon the complaint creates a fundamentally defective indictment, The trial court did not have jurisdiction to adjudicate petitioner's guilt and sentence him to 99 years imprisonment.

WHEREFORE, Petitioner prays that this Court grant and issue the Write of Certorari to resolve the dispute pertaining to petitioner's illegal arrest and illegal conviction because of a fundamentally defective indictment.
So moved and prayed on this the 25 day of May 2015.
Respectfully submitted,

UNSWORN DECLARATION
I, Billy C. Wilkins, being presently incarcerated at the Brown County Jail 1050 W. Commerce Brownwood, Tx. 76801 declares under the penalty of perjury that the foregoing Petition For Writ of Certorari is true and correct to the best of my Knowledge.

Billy C Wilkins

35th District Court Cause No, 13,872